Owens *v.* Concord Mutual Insurance Company, Appellant.

236

Argued March 27, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Albert B. Gerber*, with him *Gerber, Galfand & Berger*, for appellant.

*Herbert Braker*, for appellee.

OPINION BY WATKINS, J., June 16, 1967:

This is an appeal from a judgment entered on an order of the County Court of Philadelphia confirming an arbitration award in the amount of $1450 for personal injuries sustained in an automobile accident in

favor of the plaintiff-appellee, Queen Victoria Owens, and against the defendant-appellant, Concord Mutual Insurance Company.

The appellant company issued a policy of insurance to Mr. and Mrs. Clarence Lacy containing an "uninsured motorist coverage endorsement". The appellee on December 12, 1965, while a passenger in the Lacy automobile, sustained personal injuries as a result of a collision between the Lacy automobile and one operated by Charles C. Thompson an uninsured motorist. The company refused to settle the claim and arbitration proceedings were instituted by the appellee pursuant to the regulations of the American Arbitration Association. A hearing was held before an Edward M. Snyder, as arbitrator, and the attorney for the insurance company attended and defended the action. An award was entered in favor of the appellee in the sum of $1400, plus administration fees and expenses in the amount of $50.

The appellee filed a petition to confirm the award and the insurance company filed an answer, including new matter, averring that the uninsured motorist endorsement was not in effect, in that the wife Katherine A. Lacy, signed a rejection of the clause and did not pay the $2 premium for that coverage. The company further contended that although the policy was in the name of husband and wife, all transactions pertaining to the insurance were transacted with Mrs. Lacy. The appellant further attacked, in its answer, the jurisdiction of the arbitrator. The court below entered an order confirming the award of the arbitrator. Judgment was entered on the order and this appeal followed. The court below said:

"The record establishes that there was a legal question as to whether the plaintiff was entitled to proceed with arbitration. The defendant insurance company had the right, if it elected to exercise such right, to

have the legal question determined by a Court. It could not be decided by the arbitrator. Goldstein v. International Ladies' Garment Workers' Union, 328 Pa. 385. This is so whether the arbitration proceedings are at common law or under the Pennsylvania Arbitration Statute.

"The defendant could have availed itself of several alternatives. It could have appeared specially by counsel to object to the right of the arbitrator, as was done in the Goldstein case, supra, at page 389; it could have proceeded by a bill in equity to determine whether the plaintiff had the right to proceed with arbitration, as suggested by the Supreme Court at page 394 of the Goldstein opinion; it could have refused to appear before the arbitrator and could thereafter have raised its legal defense.

"But the defendant did not elect to avail itself of any of the procedures available to it. Instead, the defendant elected to appear by counsel and to defend on the merits. Had the arbitrator determined that the uninsured motorist was not negligent, the defendant would have been spared the necessity of litigating the question of whether the signature of Mrs. Lacy alone was binding upon both Mr. and Mrs. Lacy."

It is admitted by the parties that there was nothing in the agreement providing for arbitration. In Pennsylvania, arbitration takes either of two forms: (1) Arbitration under the Act of April 25, 1927, P. L. 381; (2) Arbitration at common law. Here, the agreement made no reference to the arbitration act or arbitration. There is no agreement determining whether the Act of 1927 or common law rules are controlling, but where there is no evidence that the parties agreed to apply the Act of 1927, common law rules control the enforcement of the award. John A. Robbins Company, Inc. v. Airportels, Inc., 418 Pa. 257, 262, 210 A. 2d 896, 898 (1965). The common law rule also controls

the scope of the review of the award. *Wingate Construction Company v. Schweizer Dipple, Inc.*, 419 Pa. 74, 213 A. 2d 275 (1965). The appellant relies on cases involving the arbitration act.

"If the appeal is from a common law award, appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either." *Harwitz v. Selas Corp. of America*, 406 Pa. 539, 542, 178 A. 2d 617 (1962); *Wingate Construction Company v. Schweizer Dipple, Inc.*, supra; *Keller v. Local 249*, 423 Pa. 353, 223 A. 2d 724 (1966). The company's participation in the arbitration proceedings operates as a waiver of procedural defects. *Rosenbaum v. Drucker*, 346 Pa. 434, 31 A. 2d 117 (1943). It cannot appear in the arbitration proceedings and if unhappy with the award, attempt to litigate all matters the second time before the courts.

Judgment affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

From the inception of this action the defendant-appellant denied that the policy it issued to Mr. and Mrs. Clarence Lacy contained an "uninsured motorist coverage endorsement". Since the jurisdiction of the arbitrators was dependent on the provisions of that endorsement, I am of the opinion that the question as to whether it formed part of the contract of insurance should have been resolved by a court of law and not by the arbitrators. *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 196 A. 43

240

(1938). Such an endorsement was subject to rejection and did not become a part of the contract by reason of any regulation of the Pennsylvania Insurance Commission. *Ellison v. Safeguard Mutual Insurance Company,* 209 Pa. Superior Ct. 492, 229 A. 2d 482 (1967).

Furthermore, there was no waiver of the question of jurisdiction by reason of the appearance of defendant at the arbitrators' hearing where it raised the question of jurisdiction. *Goldstein v. International Ladies' Garment Workers' Union,* supra. The procedure followed therein should have been followed here. On the petition for confirmation of the award and the answer thereto the lower court should have conducted a hearing in order to determine whether the award of the arbitrators should have been confirmed or vacated.

I would reverse the judgment and remand the case to the lower court for that purpose.

Therefore, I respectfully dissent.