Smaligo *v.* Fireman's Fund Insurance Company, Appellant.

Argued October 2, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert E. Wayman,* with him *Bernard J. McAuley,* and *Wayman, Irvin, Trushel & McAuley,* for appellant.

*Robert E. Walsh,* with him *Suto, Power, Balzarini & Walsh,* for appellees.

OPINION BY MR. JUSTICE JONES, November 12, 1968:

Michael and Mary Smaligo, as personal representatives of their daughter's estate, instituted arbitration proceedings to recover for the daughter's death caused by a hit-and-run driver on March 27, 1967, at a time said daughter, aged 37, was on a home week-end visit from Mayview State Hospital where she had been a patient since 1962. Arbitration proceeded under the "Uninsured Motorist Clause" of Smaligos' policy of insurance with Fireman's Fund Insurance Company, which resulted in an award to Smaligos of only $243.00 (a figure which represented one-third of the cost of the family memorial monument).

Smaligos moved to vacate the award on the ground of certain irregularities in the arbitration proceedings, to wit: (1) that the arbitrator proceeded to make an

award even though informed by Smaligos' counsel of their acceptance of a settlement offer made prior to the arbitration proceedings, which offer Smaligos claimed was still outstanding; and (2) that the arbitrator denied a request of Smaligos' counsel for a recess to obtain the testimony of Dr. Parsons, decedent's attending physician, as to decedent's future work expectancy, the arbitrator holding such testimony not to be necessary. Smaligos argued that these irregularities resulted in an unjust, inequitable and unconscionable award for the death of a 37-year old woman who had been gainfully employed prior to her commitment to Mayview State Hospital in 1962. After a hearing on Smaligos' motion the court below issued an order vacating the award and remanding the case for hearing *de novo* before another arbitrator to be selected from the American Arbitration Association Panel.

The insurance company has appealed from said order, contending that, since the proceedings were admittedly under the common law, the court was bound by the arbitrator's action. In making this argument, the insurance company relies on our holding in *Harwitz v. Selas Corporation of America,* 406 Pa. 539, 178 A. 2d 617 (1962), as follows: "If the appeal is from a common law award, appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either."

A review of the record reveals the following facts: Elizabeth Smaligo, the decedent—a high school graduate who had also attended night classes at Duquesne

University—had been gainfully employed as a secretary by Westinghouse Electric Corporation from 1949 until October, 1962, when she was admitted to Western Psychiatric Hospital and there diagnosed as schizophrenic. Later she was committed to Mayview State Hospital and, at the time of her death, was still so committed though permitted to visit her home on weekends and holidays. During such a home week-end stay she was struck by a hit-and-run driver on March 27, 1967. Smaligos then made claim against their insurance company under the terms of the Uninsured Motorist Provisions of an automobile liability policy that had been issued to them by that company wherein the company had agreed to pay "all sums which the insured or his legal representative shall be legally entitled to recover as damages." The company refused to pay the $9,-750.00 asked by Smaligos in settlement and on July 27, 1967 the company notified Smaligos' counsel by letter as follows: "We concede that there is a settlement value to the case but that it is not worth $9750. as demanded by you. In an effort to avoid further expenses and time to both, I will now make an offer to conclude this claim on an amicable basis and for the sum of $7500. which you may convey to your clients. If the offer of $7500. is not acceptable, I would then suggest that your arbitration papers be prepared as we have no intention of increasing this offer, feeling that it is fair and just to all parties concerned."

On August 30, 1967, Smaligos' counsel made a demand for arbitration to the American Arbitration Association and on October 11, 1967 Thomas J. Reinstadtler, Jr., Esquire, was appointed as arbitrator. A hearing was held on December 18, 1967 which, as before stated, resulted in the arbitrator awarding only $243, being one-third of the cost of a family memorial monument. The arbitrator determined that the funeral

bill of $1016.30 was payable under the Medical Payment Clause of the policy and thus not recoverable under the Uninsured Motorist Clause.

It must be conceded that there was no evidence in the record that decedent would ever again be gainfully employed. However, Smaligos' counsel testified at the hearing on the motion to vacate that he had asked the arbitrator for a continuance in order to secure the expert testimony of Dr. Parsons on the question of decedent's future earning ability and capacity and that the arbitrator stated that such testimony was not necessary. Dr. Parsons was decedent's attending physician. The arbitrator, on the other hand, testified that no formal motion for continuance was made and that he could not remember "specifically what Mr. Maurizi asked or what my response was," although he did not deny that he had said Dr. Parsons' testimony was unnecessary. In fact, counsel who had represented defendant company during the arbitration proceedings testified that the arbitrator did state that the doctor's testimony was unnecessary.

Whether or not a formal motion for continuance was made is not as governing as the arbitrator seeks to make it. The important fact that stands clear is that Smaligos' counsel did proffer medical testimony which was relevant and of great import in the determination of loss of future earnings of the decedent and that the arbitrator determined such testimony was not necessary. It may be true that Smaligos' counsel should have come prepared with the medical testimony at the time of the hearing and that perhaps the necessity of such testimony came to him as an "afterthought" (as stated by the arbitrator), but such observations cannot militate from the all-important fact that counsel did at the time of the hearing make an offer to present the medical testimony and the arbitrator viewed such testimony as "unnecessary".

This was not a mere mistake of law or of fact binding upon all parties and the court. The arbitrator's failure to regard Dr. Parsons' testimony of any import resulted in Smaligos being denied a full and fair hearing. That an award is not binding where there has been a denial of a hearing has been clearly stated by this Court on several occasions. In *Newspaper Guild v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 346, 164 A. 2d 215 (1960), we stated: "The defenses available to the News in a proceeding to enforce a common law award are extremely limited. Such an award of arbitrators is conclusive and binding and cannot be attacked unless it can be shown by clear, precise and indubitable evidence that the parties were denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrators which caused them to render an unjust, inequitable and unconscionable award." We repeated this holding in *Harwitz v. Selas Corporation of America*, 406 Pa. 539, 542, 178 A. 2d 617 (1962), the very case relied upon by defendant as hereinbefore quoted and again here quoted as follows: "If the appeal is from a common law award, appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either. Newspaper Guild v. Philadelphia Daily News, Inc., 401 Pa. 337, 164 A. 2d 215 (1960); Freeman v. Ajax Foundry Products, Inc., 20 Pa. D. & C. 2d 128, affirmed 398 Pa. 457, 159 A. 2d 708 (1960); Capecci v. Capecci, Inc., 11 Pa. D. & C. 2d 459, affirmed 392 Pa. 32, 139 A. 2d 563 (1958)."

Though the arbitrator's conduct in this case may not have constituted fraud, misconduct, corruption or some other irregularity "of this nature", yet it was conduct which amounted to a denial of a full and fair hearing of Smaligos' cause of action. It is our opinion, therefore, that the court below properly vacated the award and remanded it for arbitration before another arbitrator.

We deem it unnecessary to make any determination of the issue raised as to the propriety of the arbitrator's holding the funeral bill to be payable under the "Medical Payments" clause and thus not recoverable under the "Uninsured Motorist" clause. The record is clear as to the willingness of the insurance company to pay the funeral bill under the "Medical Payments" clause and it should make no difference to Smaligos under which clause they recover the $1016.30.

Smaligos further argue that there was an offer and acceptance of a settlement in the amount of $7500. However, we are constrained to agree with the reasoning of the lower court that, when Smaligos filed for arbitration of the dispute, they rejected the offer of settlement. The letter hereinbefore quoted offering the said $7500 clearly stated that the company was "now" offering the same and that if it is not acceptable then Smaligos should proceed to arbitration. By proceeding to arbitration, Smaligos showed the offer was not acceptable and such conduct clearly showed that Smaligos did not intend to accept the offer nor take it under further advisement. As stated in section 36 of the Restatement of the Law of Contracts: "An offer is rejected when the offeror is justified in inferring from the words or conduct of the offeree that the offeree intends not to accept the offer or to take it under further advisement." We cannot agree with Smaligos' interpretation of the phrase "as we have no intention of

increasing this offer" as meaning that the offer was to stand firm at $7500 even though arbitration was sought. The company, as stated in the letter, made the offer "in an effort to avoid further expenses and time to both"; certainly that offer cannot be viewed as still standing after the company was required to proceed to arbitration.

Order affirmed.

Mr. Justice MUSMANNO, Mr. Justice COHEN, and Mr. Justice ROBERTS did not participate in this decision.