## Allstate Insurance Company v. Fioravanti

*Thomas O. Malcolm,* for appellant.
*Stanton Dubin,* for appellee.

HIRSH, J., February 4, 1972.—This matter is before the court on the petition of Allstate Insurance Company to set aside the award of arbitrators and preliminary objections of defendant to the said petition.

On September 11, 1970, Carla Fioravanti, three years of age, was injured as the result of being struck by an uninsured motorist. A claim was made on behalf of the said minor by her parent and natural guardian under the terms of the uninsured motorist provision of an Allstate Insurance Company policy wherein the insured was Anthony Fioravanti, the grandfather of the injured minor. The Allstate policy provides:

"11. Arbitration . . . upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of American Arbi-

tration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by an award made by the arbitrators pursuant to this endorsement."

A hearing was held on October 8, 1971, before a panel of three arbitrators pursuant to the Rules of the American Arbitration Association. After hearing, the arbitrators found in favor of the minor claimant and against petitioner in the sum of $3,500. Subsequently, Allstate filed a petition to set aside the award of arbitrators on the ground that the award of the arbitrators constituted a constructive fraud in that petitioner was denied a full and fair hearing by the refusal of the arbitrators to accept and consider a memorandum of law dealing with the doctrine of estoppel. Defendant filed preliminary objections in the nature of a demurrer to the petition to set aside the award, also in the nature of a motion to strike the petition to set aside the award of the arbitrators.

The deposition of Jonathan D. Herbst, Esq., attorney who represented Allstate at the arbitration, was taken. Mr. Herbst testified that he had asked the panel of arbitrators for an opportunity to file a memorandum of law dealing with the issue of estoppel and that he was denied that opportunity. The petition to set aside the award of arbitrators is based upon that request and petitioners submit that the said refusal of the arbitrators constituted denial of a full and fair hearing to petitioner.

We have examined the entire record, arguments of petitioner and respondent, and briefs submitted and we do not agree. The scope of review of common-law arbitration is limited only to those issues denying

proper hearing, or fraud, misconduct, corruption or some other irregularity: Owens v. Concord Mutual Insurance Company, 210 Pa. Superior Ct. 235.

In Reading Tube Corporation v. Steel Works Federation and Reading Tube Local, 173 Pa. Superior Ct. 274, the court said:

"Under the common law rules governing arbitration, an award of arbitrators is conclusive. The general rule is that the award is binding unless it can be shown by clear, precise and indubitable evidence that the parties were not given a hearing, or that there was fraud, misconduct, corruption or some other irregularity on the part of the arbitrators which caused them to render an unjust, inequitable and unconscionable award. Unless they are restricted by the submission, the arbitrators are the final judges of both law and fact and their award will not be disturbed for a mistake of either."

We find from an examination of the record that petitioner has failed to show by clear, precise and indubitable evidence that it was denied a hearing and the arbitrators' rejection of the offered memorandum of law hardly constitutes such fraud, misconduct, corruption or other irregularity as could be said to have denied petitioner a full and fair hearing.

Accordingly, it is, therefore, ordered that the said Allstate petition is hereby dismissed and the said preliminary objections of respondent are sustained and the award of the arbitrators is hereby confirmed and judgment to be entered thereon.