**Manion v. Travelers Indemnity Company**

*John Churchman Smith,* for plaintiffs.

*Robert J. Murphy,* for defendant.

DeFURIA, J., May 9, 1974.—Plaintiffs filed a petition and rule to show cause why an award of a board of arbitrators selected by the American Arbitration Association (hereinafter called "association") appointed pursuant to the terms of a policy of insurance issued by defendant company, should not be confirmed and

entered as a judgment of record. An answer and a reply to the answer have been filed.

The wife-plaintiff was involved in an automobile accident and alleged personal injuries as a result thereof. Plaintiffs made claim of their insurance company, the defendant, under the uninsured motorist coverage. The policy provided the minimum coverage allowed under law, that is up to $10,000 for any one person injured and up to $20,000 for injuries in any one accident. The policy of insurance in effect at the time of the loss insured the vehicle operated by the wife-plaintiff and one other vehicle. Two premiums were paid for uninsured motorist coverage by plaintiffs.

A demand for arbitration was made by plaintiffs. Two arbitrators were selected. A third arbitrator, a Mr. Richman, had been peremptorily stricken by defendant. It appears that when Mr. Richman was stricken, the association made extensive efforts to replace him. However, because of repeated rescheduling of the hearings and continuances, as well as other problems the association faced in search for a third arbitrator, the association's tribunal administrator, in accordance with rules of the association, wrote defendant that unless "formal factual objections (to Mr. Richman) are received . . . within ten days . . ." the board would include Mr. Richman as an arbitrator. The objections were not received. Mr. Richman was appointed.

At the first meeting, defendant renewed his objection to Mr. Richman as an arbitrator for "no particular reason other than we had originally stricken him." Mr. Richman indicated he could sit as an impartial arbitrator. After extensive testimony and argument, the two other arbitrators overruled the motion to disqualify Mr. Richman as an arbitrator and the hearing proceeded.

During the hearing, the defense indicated it intended to subpoena certain medical witnesses and medical records of plaintiff at the second hearing.

The second hearing was held on October 16, 1973. At the conclusion of plaintiffs' case, defendant's counsel stated to the board that two of plaintiffs' doctors had been subpoenaed to appear and that the wife-plaintiff's medical records at the Zurbrugg Hospital had been subpoenaed, but that none of the persons subpoenaed had appeared. An affidavit was read into the record which indicated a subpoena for one Dr. Nappi, practicing in Philadelphia, was served on October 9, 1973, upon the secretary of the doctor. It did not indicate whether a witness fee was tendered. The other doctor and the Zurbrugg Hospital are in New Jersey. It was represented by defendant's counsel that he understood service was made upon them on October 12, 1973, but that he had no proof of service as yet. There was no indication that witness fees were tendered these persons.

Defendant did not produce any witnesses, although counsel expressed an intention to call his own medical expert who, at the time of the hearing, was unavailable.

Counsel for defendant sought a continuance in order to attempt, through the Court of Common pleas of Philadelphia, to enforce the subpoenas. The motion for continuance was denied by the board of arbitrators.

The board of arbitrators found in favor of the plaintiffs with an award in the amount of $20,000.

Defendant challenges the procedure of confirmation of this award in the manner sought by plaintiffs, arguing that any rights plaintiffs may have as a result of the award must be enforced by an action in assumpsit.

The policy of insurance issued to plaintiffs provided for arbitration of disputes between the company and the insured, but did not provide that the Act of April

25, 1927, P. L. 381 (No. 248), 5 PS §161, should apply. The arbitration, therefore, proceeds under the common law: Bartilucci v. Safeguard Mutual Insurance Company, 212 Pa. Superior Ct. 414, 242 A. 2d 916 (1968); Owens v. Concord Mutual Insurance Co., 210 Pa. Superior Ct. 235, 232 A. 2d 14 (1967).

The Act of April 25, 1927, P. L. 381 (No. 248), sec. 9, 5 PS §169, provides for the confirmation by court of arbitrators' awards where the proceeding is brought under the act.

Awards in arbitration proceedings not commenced under the Act of April 25, 1927, supra, have resulted in confirmation by the court, however, using the procedure of the Act of 1927.

In the case of Gretz v. Esslinger's Inc., 416 Pa. 111, 204 A. 2d 754 (1964), a motion to confirm an arbitrators' award was opposed by defendant. Plaintiff in that action had originally sued his employer in assumpsit, alleging a breach of an employment contract. The contract provided for the resolution of any controversy by arbitration. The contract provided for the entry of judgment of an award made by arbitrators. Defendant-employer filed a petition and rule to stay the assumpsit action until arbitration could be had. The rule was made absolute, arbitration was held and an award was made in favor of plaintiff. When plaintiff sought confirmation of the award, defendant contended the enforcement of the award should be by assumpsit. When it confirmed the award, the court relied upon the terms of the employment contract itself.

In Bartilucci v. Safeguard Mutual Insurance Co., supra, a similar result followed where the arbitration clause of the policy of insurance provided for entry of judgment on an award of arbitrators in any court having jurisdiction of the dispute.

Unless there is a contractual consideration to authorize the entry of a common-law arbitration award

as a judgment, plaintiff must proceed in assumpsit to enforce the award.

The provision of arbitration in the policy of insurance issued by defendant to the petitioners reads:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, *and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.* Such person and the company each agree to consider itself bound and to be bound by any award made by *the arbitrators pursuant to this insurance.*" (Italics supplied.)

This language is similar to the provision considered in the case of Bartilucci v. Safeguard Mutual Insurance Co., supra, and in the case of Gretz v. Esslinger, Inc., supra. We, therefore, believe it is appropriate for the court to consider the petition for confirmation.

Defendant has strenuously contended that Mr. Richman was improperly seated as an arbitrator after he was peremptorily stricken by the defense.

It seems clear that every reasonable effort was made by the association to secure an alternative arbitrator to replace Mr. Richman.

In view of the fact that the hearings were repeatedly rescheduled and it was necessary to proceed, we find no justification for defendant's requesting the matter

be remanded to a new panel of arbitrators for this reason, particularly since defendant was given the opportunity to provide factual reasons to remove Mr. Richman and it could provide none.

Defendant argues the hearings were improperly closed by the arbitrators, that his request for continuance in order to compel the attendance of two doctors who treated the wife-plaintiff and to produce the records of the Zurbrugg Hospital should have been granted.

If there is a denial of a full and fair hearing to one of the parties to an arbitration, the constitutional rights of the party denied the full and fair hearing would be violated thereby and the court would be bound to vacate the award and remand the case for a hearing de novo before another arbitration panel: Smaligo v. Fireman's Fund Insurance Co., 432 Pa. 133, 247 A. 2d 577 (1968).

Defendant contends he made the effort to subpoena one doctor practicing in Pennsylvania, one doctor practicing in New Jersey and the medical records of a hospital situated in New Jersey. He also indicated to the board that he planned to produce his own medical evidence thereafter. The board indicated to counsel that it would cooperate in compelling witnesses to attend.

It seems defendant had reasonable grounds to believe that he would receive the cooperation of the board of arbitrators, if his efforts to induce plaintiffs' witnesses to appear were unsuccessful.

To be certain only one of the doctors sought as a witness by defendant practices in Pennsylvania and this person could be compelled to testify. Further, defendant did indicate to the board he anticipated thereafter producing his own expert to rebut the medical experts of plaintiffs.

Under the circumstances, the refusal of the board of arbitrators to continue the hearing amounted to a denial of a full and fair hearing: Smaligo v. Fireman's Fund Insurance Co., supra. The matter must be remanded to the board in order to permit defendant to subpoena witnesses subject to subpoena and to present any rebuttal evidence it desires.

Hence, we enter the following

ORDER

And now, May 9, 1974, the award of the board of arbitrators in favor of plaintiffs and against defendant is vacated and this matter is remanded for a hearing before said board consonant with this opinion.