**Key v. Gateway Insurance Company**
**Gateway Insurance Company v. Key**

*Bernard M. Gross,* for plaintiff, Key.
*James M. Peck,* for defendant, Gateway.

RIBNER, J., June 10, 1974.—On February 28, 1974, a three-lawyer panel of arbitrators, having convened under the procedures set forth in the uninsured motorist clause of the policy of Gateway Insurance Company, awarded $10,000 to Gateway's insured, Willie Key. Thereafter, Gateway petitioned this court to set aside the award of arbitrators, claiming that the award resulted from misconduct or other irregularity on the part of the arbitrators in refusing to continue the hearing or grant an adjournment, and, in listening to a statement by Key's counsel, that Gateway was in poor financial condition and was attempting to delay the hearing for that reason. Counsel for Key filed a petition to have the award of the arbitrators confirmed. Following an unusually long and detailed oral argument, this court, on March 19, 1974, granted the petition to confirm the award and denied the petition of Gateway to set aside the award of arbitrators.

The two issues before this court are whether or not Gateway was denied a full and fair hearing and whether or not there was fraud, misconduct, corruption or some other irregularity of a similar nature on the part of the arbitrators which caused them to render an unjust, inequitable and unconscionable award.

Gateway relies strongly on the case of Smaligo v. Fireman's Fund Insurance Company, 432 Pa. 133, 247 A. 2d 577 (1968). As the Supreme Court stated in

Allstate Insurance Company v. Fioravanti, 451 Pa. 108 (1973):

"We see more parabola than parallel in the two cases."

In the Smaligo case, the arbitrator refused to grant time to a party to bring in medical testimony bearing on a crucial factual issue and the arbitrator viewed that testimony as "unnecessary." The ridiculously low award in Smaligo was traced to the arbitrator's failure to provide plaintiff in that case with a full and fair hearing, and the Supreme Court properly found such a denial. In the instant case, however, the situation was entirely different. Gateway's counsel, who had handled the case exclusively, asked for a continuance at the time of the arbitration hearing, alleging that another member of his firm was to have tried the case but he had to attend a funeral. The letterhead of their law firm, which appears in the record of this case, shows that there are 32 attorneys listed. It would create havoc with our court schedule in Philadelphia County if this firm or any other firm of somewhat the same size were to come in to trials and pick out the name of one of the members of the firm who might not be available that day and ask to have the case continued so that he could be present.

Gateway's counsel also claimed that it needed another medical examination because it had just received medical reports dated February 8 and February 22, 1974, but a full deposition was had on January 22, 1974, wherein Gateway examined Key extensively and clearly knew of the medical claim in the case. If Gateway had wanted to have another medical examination, it could have proceeded expeditiously after January 22, 1974, to request the same. In any event, to eliminate this problem at the arbitration hearing, Key's attorney did not present the later reports but

relied on earlier reports which had been supplied to Gateway on November 23, 1973.

Finally, Gateway's counsel claims that he needed a continuance in order to secure Key's tax records, but here again, defendant was aware of Key's claim for his wage loss at least for more than a month before the arbitration hearing and could have taken steps to investigate that claim or subpoena relevant records for a deposition or for the hearing itself.

This record clearly reveals that defendant was granted a full and fair hearing and at no time was prevented from inquiring into the nature of the claim or from presenting evidence in opposition to that claim. The language of the court in the Allstate Insurance Company v. Fioravanti case, supra, is appropriate here.

"It is thus our judgment that this hearing had the necessary essentials of due process, i.e., notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause. See Wiley v. Woods, 393 Pa. 341, 141 A. 2d 844 (1958). It is a commonplace that adjudicatory action cannot validly be taken by any tribunal, whether judicial or administrative, except upon a hearing, wherein each party shall have the opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence in his own behalf and to make argument. Unquestionably these prerequisites were met by the instant proceeding and not in a perfunctory fashion. As we have stated, no evidence or argument was precluded at this hearing."

It would be tragic to allow a party to casually approach a hearing without any serious effort to prepare

for the hearing and then have the hearing continued merely because counsel, in looking through his file at the time of the hearing, decides that he should do some more preparation which he could have done at an earlier time. There is absolutely no doubt in this case that Gateway's counsel was fully aware well in advance of the hearing of the nature of the claim facing him.

As to the contention that plaintiff's attorney, in arguing against the continuance, mentioned the shaky financial condition of Gateway, this is certainly a rather harmless error, if indeed it was error. In any event, if plaintiff's counsel had not raised this point, he might have been criticized by his client, since it certainly was relevant as to the harm to be caused by any further delay in trial.

As to the other issue concerning some form of fraud, misconduct, corruption or some other irregularity of a similar nature on the part of the arbitrators, there is simply no basis for such a claim. The arbitrators considered all of the matters which this court has discussed herein and properly came to the conclusion that there was no compelling reason to continue the matter and that a continuance would be unjust to plaintiff. For Gateway to contend that there was an irregularity similar to fraud or misconduct is totally without foundation.

Justice was done by the three arbitrators in this case and there is absolutely no legal or other reason for disturbing the award.