Herbert **BURTON** and Florence Burton, his wife, Plaintiffs and Respondents,

v.

Alan H. **COOMBS** et al., Defendants and Appellants.

No. 14245.

Supreme Court of Utah.

Dec. 8, 1976.

Michael D. Hughes, Allen, Thompson, Hughes & Behle, St. George, for defendants and appellants.

David E. West, Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for plaintiffs and respondents.

ELLETT, Justice:

· Defendants originally filed an appeal from the judgment of the lower court which awarded damages to the plaintiffs for breach of contract. Plaintiffs replied with a cross-appeal on the issue of damages and on the ruling of the court that defendants were not bound by their previous offer to settle. Thereafter, the parties stipulated as to the dismissal of all issues raised by the appeal and cross-appeal except for the issue on the acceptance of an offer to settle.

As a result of the stipulation, the sole question remaining for this Court's consideration is whether or not the trial court erred in ruling that the defendants were not bound by an offer of settlement which had been rejected by plaintiffs prior to trial and subsequently accepted while litigation was still in process.

At the beginning of trial, defendants tendered an offer to settle, based on certain promises. Plaintiffs' counsel rejected that offer and proceeded with litigation on a theory of anticipatory breach. At the conclusion of plaintiffs' case, their counsel made a statement purporting to accept the offer made before trial. Defendants' counsel repudiated that acceptance on the ground that the earlier rejection terminated the responsibilities between the parties and the defendants had not renewed their settlement proposal. There was some dispute between the parties as to whether the offer had in fact been renewed during the course of the trial.

It is a well-settled, elementary principle of law that if the offeree rejects the ten-

dered offer, obligations of the parties are terminated and neither can force performance by the other. 17 Am.Jur.2d, Sec. 39 [1] states as follows:

> An offer is terminated by rejection and cannot thereafter be accepted so as to create a contract. Having once rejected the offer, the offeree cannot revive it by tendering acceptance.

> Any *words or acts* of the offeree indicating that he declines the offer, or which justify the offeror in inferring that the offeree intends not to accept the offer or give it further consideration, amounts to a rejection. [Emphasis added.]

This view is accepted by Restatement of Contracts 2d [2] which states:

> An offeree's power of acceptance is terminated by his rejection of the offer, unless the offeror has manifested a contrary intention.

and by 17 C.J.S. Contracts § 51, p. 713:

> Rejection terminates an offer so that it cannot afterward be accepted by the offeree without the renewed consent of the offerer.

The above authorities are clear that when an offer is rejected by refusal, conditional acceptance or by counter-offer, the party making the original offer is relieved from liability and the party who rejected the offer cannot, of his own volition, create an agreement by his subsequent acceptance.[3] This is true even though the original offer is not expressly withdrawn.[4] There is also a suggestion that an acceptance made after first rejecting the offer, may actually constitute a new offer.[5]

■ While Utah case law appears silent on these particular points, the interpretation by our sister states [6] is nevertheless construed to also be the law of this State.

■ Plaintiffs claim that during the course of the trial, the offer to settle was renewed by defendants' counsel with representations to the court that it was available for acceptance by the plaintiffs even during the trial. The record does not disclose any offer tendered except at the beginning of trial and plaintiffs unequivocally rejected defendants' offer at that time. Not only does the record fail to disclose subsequent offers during trial, but plaintiffs' testimonies tend to support their earlier rejection.

■ Rejection was not only made in words by plaintiffs but their conduct in proceeding with litigation is an indication of their intention to reject defendants' offer. It would create an unjust result to put defendants in the position whereby they are forced to defend during trial and pursue their counter-claim against plaintiffs in reliance on the rejection of their offer, and then find that they are bound by a later acceptance when it is disadvantageous to them. It is not incumbent on defendants to prove reliance, however, since it is a recognized policy of the law that an offeror will undoubtedly change his plans in reliance on the statement of the offeree that he rejects the tendered offer.[7]

Much was said about the bad faith of plaintiffs' acceptance. Since we are ruling as a matter of law that there was no offer in existence which was susceptible of acceptance, we need not discuss that point at this time.

Plaintiffs, by their words in expressly refusing the offer tendered at the beginning of trial and by their conduct in proceeding with litigation, effectively termi-

---

1. Rejection by Offeree, p. 377.

2. § 37(1), Rejection, p. 87.

3. 17 C.J.S. Contracts § 51 at 713; *Trautwein v. Leavey*, 472 P.2d 776 (Wyo.1970).

4. *Smaligo v. Fireman's Fund Ins. Co.*, 432 Pa. 133, 247 A.2d 577 (1968); *Apex Engineering Co. v. North American Oil Consolidated*, 76 Cal.App. 683, 245 P. 766 (1926).

5. Restatement of Contracts 2d, supra at 87.

6. *Trautwein v. Leavey; Smaligo v. Fireman's Fund; Apex v. North American*, supra.

7. Restatement of Contracts 2d, supra at 87.

nated the rights and liability of the parties to the proposed settlement. It was impossible for plaintiffs to assert acceptance at a later time unless defendants had expressly renewed their offer, and the record does not show that this was done.

We hold, therefore, as a matter of law, defendants were not bound by an offer which had been unequivocally rejected by plaintiffs and which had not been renewed prior to plaintiffs' subsequent attempt to effect an acceptance.

The judgment of the trial court is affirmed. No costs are awarded.

HENRIOD, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.