# Reston v. Ambrosia Coal & Construction Co.

C.P. of Lawrence County, no. 9 of 1985, Equity.

*Richard Audino,* for plaintiff.
*Phillip L. Clark Jr.,* for defendant.

PRATT, *J.,* February 6, 1996—The plaintiff, Frank Reston, has presented the court with a petition to vacate arbitration award. The court conducted a hearing of the petition and considered written briefs submitted by the parties in support of their respective positions. After

considering the petition, the briefs of the parties, the statements made during the hearing, and the record established thus far in this case, the court shall grant the petition and vacate the arbitration award for the reasons that follow.

Essentially, the plaintiff in his petition alleges that the arbitrator, in granting the defendant's preliminary objections in the nature of a demurrer, prevented the plaintiff from offering evidence regarding the alleged conversion of 4,000 tons of limestone by the defendant from the land in question without providing the plaintiff with an opportunity to amend his complaint. Accordingly, the plaintiff argues, the arbitration award should be vacated, the plaintiff should be afforded an opportunity to amend his complaint, and a further arbitration hearing of this case should be scheduled.

Initially, the court notes that this case was commenced on June 30, 1985 with the filing of the complaint in equity. The case was permitted to languish until April 1992, when the court scheduled a status conference of the case. The case was eventually referred to a common-law arbitrator by the court's order of July 22, 1992. A hearing of the case by the arbitrator, however, was not conducted until May 21, 1995, nearly three years after the case was submitted to binding common-law arbitration.

Contrary to plaintiff's contention, neither preliminary objections in the nature of a demurrer objecting to evidence of the taking of the limestone by the defendant nor a memorandum of law in support of the preliminary objections was ever filed of record by the defendant. The court further observes that, under Pa.R.C.P. 1028,

the grounds for preliminary objections do not include the basis upon which the limestone evidence was excluded. Rather than preliminary objections, the court believes that the defendant, either prior to the arbitration hearing or during the hearing, presented an oral motion in limine to the arbitrator objecting to the admission of any evidence by the plaintiff relating to the alleged conversion by the defendant of the 4,000 tons of limestone from the land at issue. At the hearing, the arbitrator granted the motion and precluded the plaintiff from presenting the evidence in question. The arbitrator's decision in granting the motion was based upon the plaintiff failing to plead, in his complaint, facts relative to the offered evidence as special damages and to include in his prayer for relief the request for special damages. The plaintiff, however, was not provided the opportunity by the arbitrator to amend his complaint to cure the objections of the defendant in accordance with Pa.R.C.P. 1033 and 1528.

Under section 7341 of the Uniform Arbitration Act, 42 Pa.C.S. §7341, the award of a common-law arbitrator "may not be vacated unless it is clearly shown that a party was denied a hearing . . . or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."

We find that the arbitrator, in making his ruling upon the request by the defendant to prohibit the evidence of the alleged converted limestone offered by the plaintiff, should have permitted the plaintiff to amend his complaint to conform to the offered evidence and modify his prayer for relief, so that the offered evidence would have been admissible as evidence of special damages. This the arbitrator failed to do. Consequently, we conclude that an "irregularity" occurred, which caused the

arbitrator to render "an unjust, inequitable, or unconscionable award."

Moreover, the only evidence offered by the plaintiff at the time of the scheduled hearing was the taking of the limestone. The arbitrator, by preventing the plaintiff from introducing this evidence, in fact, denied the plaintiff a hearing. Where a common-law arbitrator fails to admit relevant evidence of great import, the plaintiff has been denied a full and fair hearing, and the arbitration award may be vacated by the court. *Smaligo v. Fireman's Fund Insurance Co.,* 432 Pa. 133, 247 A.2d 577 (1968).

Thus, we conclude that the arbitrator, by failing to provide the plaintiff an opportunity to amend his complaint to conform to the offered evidence, committed an irregularity and, by refusing to admit the proffered evidence of the alleged conversion of the 4,000 tons of limestone, denied the plaintiff a full and fair hearing. As such, we conclude that the arbitration award rendered by the arbitrator on May 11, 1995 in this case was either unjust, inequitable, or unconscionable and must be vacated under 42 Pa.C.S. §7341. This shall be accomplished by separate order of court.

## ORDER

In accordance with the attached opinion, the plaintiff's petition to vacate arbitration award is granted, and the arbitration award entered on May 11, 1995 is vacated.

The plaintiff shall have 20 days from notice of this order to file an amended complaint.

The court appoints Joseph Kearney, Esquire as the common-law arbitrator in this case, as the arbitrator who originally was assigned to hear this case is deceased. The arbitrator is directed to schedule a further hearing of this case forthwith and proceed according to law.