## Guy W. Maynard, Executor of John W. Maynard, Deceased, Plff. in Err. *v.* Lumberman's National Bank of Williamsport.

As a general rule where there are disputed facts, or facts from which other facts may or may not be inferred, it is the duty of the court to submit them all to the jury without instructions as to what inferences they should accept or reject; but when no reasonable construction of the evidence would entitle defendant to a verdict the court may give binding instructions in favor of the plaintiff.

(Argued February 18, 1887.    Decided October 3, 1887.)

July Term, 1886, No. 128, E. D.    All the Judges present. Error to the Common Pleas of Lycoming County to review a judgment on a verdict for plaintiff in an action of assumpsit. Affirmed.

The facts are sufficiently stated in the opinion.

The following portions of the charge embrace those excepted to:

It does not appear that the bank ever received anything from any person on that note, nor that it has received anything from any person on this stock. [The plaintiff claims that it has established such connection between Judge Maynard and the bank, in reference to this note and this stock, as justifies it in calling upon him to pay over to it what he realized from the stock. The testimony of Charles E. Gibson was offered here, but was rejected by the court on the objections made by the defendant. If he had made no objections, that evidence might have come in and he could have heard what the witness had to say and could have protected himself.]

[The defendant offers no evidence in this case, and there is therefore no contradiction in the evidence for you to pass upon. Thus it becomes the duty of the court, as I view it, to say whether or not the plaintiff is entitled to recover in this case.] [And I cannot believe that this stock went into Maynard's hands, or was held by him lawfully in any other way than as a director or agent of the Lumberman's National Bank.] [And to say the very least, on the 23d of September, 1880, under the circumstances it would be nothing but equity and good conscience—common honesty between man and man—for him to account for it on that day. Turn it over to the bank or account for it.]

The points submitted by the defendant's counsel I refuse. In view of what we have said, it will not be necessary to rule on the points of plaintiff's counsel. [We direct you to find a verdict for the plaintiff for the value of the stock at the price at which he sold it—$105, with interest from August 1, 1883, to which is to be added the five dividends he received, with interest on them respectively from the time they were received, $2,834.34. This is the ruling of the court.]

Defendant requested the court to charge the jury that upon the whole of the evidence the defendant is entitled to their verdict. Refused.

Verdict and judgment for plaintiff.

The assignments of error specified the refusal of defendant's point as above, the portions of the charge inclosed in brackets, the

neglect of the court to put a construction on the written instrument of January 7, 1878, in assuming the determination of questions of fact which should have been submitted to the jury, and in making a charge not adequate to the requirements of the case.

*Lloyds, Linn, & Crocker,* for plaintiff in error.—The only grounds upon which the plaintiff can recover under the pleadings in this case are: (1) By proving that Judge Maynard acted as the agent, special or general, of the bank, in this transaction with Gibson; and this is the alleged ground of recovery set forth in the special count of plaintiff's narr.; or (2) that, being a director in said bank, Maynard was, *ex officio,* a trustee for the bank in said transaction.

As to the first ground, there is nothing whatever in the testimony given on the part of the plaintiff which goes to establish the relation of principal and agent between the bank and Maynard in the transaction with Gibson; and it was the duty of the court to so instruct the jury.

As to the second ground, as to whether, being a director of the bank, Maynard was, *ex officio,* a trustee for the bank in his dealings with Gibson for the stock, we contend that he was not, for these reasons:

Under the law of Pennsylvania relating to state banks the stock could not have been transferred except subject to the right of the bank to deduct whatever was due to it by Gibson. But this rule does not apply to national banks, and therefore the assignee of Gibson would take this stock without any reference to his indebtedness to the bank. It was therefore entirely competent for Gibson to transfer his stock to Maynard, and he did so upon a legal and sufficient consideration.

Where there are disputed facts in a case, or facts from which others may or may not be inferred, it is the duty of the judge to submit them all to the jury without instruction as to what inferences they should accept or reject. Wenrich v. Heffner, 38 Pa. 207. See also Abraham v. Mitchell, 112 Pa. 230, 56 Am. Rep. 312, 3 Atl. 830; Neslie v. Second & Third Streets Pass. R. Co. 113 Pa. 300, 6 Atl. 72; Madara v. Eversole, 62 Pa. 160; and West Branch Bank v. Donaldson, 6 Pa. 179.

Although no specific instructions were asked, but only a general prayer to the effect that under all the evidence the defendant was entitled to a verdict, yet, if the views advanced by the judge

in his charge are erroneous, they become the subject of a specification of error. Garrett v. Gonter, 42 Pa. 143, 82 Am. Dec. 498.

*R. P. Allen, J. A. Beeber,* and *John G. Reading, Jr.,* for defendant in error.—It may not be error to submit a case to the jury, even if all the evidence be on one side; yet this was argued, by a very able lawyer, to be error, in West Branch Bank v. Donaldson, 6 Pa. 179; but this court, in passing upon this position of counsel in that case, says: "If the defendants wished to submit the effect of the evidence to the court, their business was to demur to it, not to claim the benefit of a demurrer without the risk of it."

The prayer for instructions presented by the defendant below was to the "court to charge the jury that upon the whole of the evidence the defendant is entitled to their verdict."

There being in the case no facts in dispute, we contend that the court below committed no error in passing upon the legal effect of such undisputed proofs.

It is only in cases where there is controversy in the proofs that the findings must be submitted to the jury; and this rule is recognized in the cases cited by plaintiff in error.

In Wenrich v. Heffner, 38 Pa. 207, there were disputed facts in the case.

In Abraham v. Mitchell, 112 Pa. 230, 56 Am. Rep. 312, 3 Atl. 830, the court below held that under the testimony there was no contract between the parties, express or implied, and directed the jury to find for the defendant; there was a controversy in the evidence, and this court held that a jury should decide it. See also Madara v. Eversole, 62 Pa. 160; Garrett v. Gonter, 42 Pa. 143, 82 Am. Dec. 498; Johnston v. Gray, 16 Serg. & R. 361, 16 Am. Dec. 577; Koons v. Steele, 19 Pa. 204, and McCracken v. Roberts, 19 Pa. 391; Graff v. Pittsburgh & S. R. Co. 31 Pa. 489; Pittsburgh & C. R. Co. v. Clarke, 29 Pa. 146; Prichett v. Cook, 62 Pa. 193, and Jenkins v. Eichelberger, 4 Watts, 121, 28 Am. Dec. 691.

The directors of a corporation are subject to the obligations which the law imposes upon trustees and agents. They cannot, therefore, with respect to the same matters, act for themselves and for it, nor occupy a position in conflict with its interest. Wardell v. Union P. R. Co. 103 U. S. 651, 26 L. ed. 509.

When agents and others acting in a fiduciary capacity understand that these rules will be enforced, even without proof of actual fraud, the honest will keep clear of all dealings falling within their prohibition; and those dishonestly inclined will conclude that it is useless to exercise their wits in contrivances to evade it. Farmers & M. Bank v. Downey, 53 Cal. 466, 31 Am. Rep. 62; Koehler v. Black River Falls Iron Co. 2 Black, 721, 17 L. ed. 342; Bain v. Brown, 56 N. Y. 285; Ball, National Banks, 58; Cumberland Coal & I. Co. v. Parish, 42 Md. 598, 605; Sellers v. Phœnix Iron Co. 13 Fed. 20; Taylor, Priv. Corp. § 628; Morawetz, Priv. Corp. § 517, and cases cited in margin; also § 518.

Opinion by Mr. Justice Sterrett:

On January 7, 1878, Charles E. Gibson, as a member of the firm Herdic & Gibson was indebted to the Lumberman's National Bank, defendant in error, on a promissory note for $2,000, made by G. W. Sands & Co. to the order of and indorsed by Herdic & Gibson, and duly protested the day before, for non-payment. Gibson's liability to the bank for amount of the note, interests and costs of protest was thus absolutely fixed.

At that time, and for a long time thereafter, John W. Maynard, plaintiff in error's intestate, an active director of the bank, received from Gibson twenty shares of the capital stock of the bank, of the par value of $100 each, for and in consideration of which he agreed "to indemnify him from his liability as indorser" of the dishonored note. The stock, afterwards transferred to Maynard on the books of the bank, was subsequently sold by him for $2,500. When the note was protested the makers and indorsers were and ever since have been insolvent, and no part of the note has, in fact, been paid to the bank. These and other facts are clearly and conclusively established by the evidence.

The declaration, reciting at length the foregoing facts, substantially avers that Maynard received the stock from Gibson as director, officer and agent of the bank as security to it for the payment of the note; and, when he sold the stock, the consideration therefor was received by him to the use of the bank, in payment of the note, and should have been so applied; that although he was bound to so apply the money he received, or pay the same to the bank as holder of the note, he neglected and refused to do so, although often requested, etc.

Defendant below offered no evidence and that of plaintiff was uncontradicted. On defendant's behalf, the court was asked to say that upon the whole of the evidence defendant is entitled to a verdict. On the other hand, the court was requested to instruct the jury "that, under all the evidence, plaintiff is entitled to recover sufficient of the proceeds of the sale of the twenty shares of stock, and of the dividends received by Maynard on same, while in his name, to cover the debt, interest and costs of the G. W. Sands & Co. note, indorsed by Herdic & Gibson, falling due January 6, 1878, for $2,000, to cover the debt and interterest of said note."

Defendant's point was refused, and pursuant to instructions of the court a verdict was rendered in favor of the bank. The point that was refused and portions of the general charge are assigned for error; but the controlling question is whether, upon the facts directly proved and others reasonably and necessarily inferable therefrom, the bank was entitled to recover.

While, as has been stated, nearly all the material averments of the narr. are clearly established by the evidence, there is no direct and positive proof that Maynard in receiving the stock from Gibson acted as agent of the bank and for the purpose of securing payment of the note owned and held by it, but his relation to the bank, and all other facts directly established by the evidence, warrant the inference that he did. Indeed, it is impossible to see how any other inference could have been reasonably drawn by the jury from the undisputed facts in the case. Where there are disputed facts, or facts from which others may or may not be inferred, it is the duty of the court to submit them all to the jury without instruction as to what inferences they should accept or reject (Wenrich v. Heffner, 38 Pa. 207); but, when no reasonable construction of the evidence would entitle defendant to a verdict, the court may properly give binding instructions in favor of the plaintiff. McCracken v. Roberts, 19 Pa. 391.

In this case it would perhaps have been as well to have submitted the case to the jury on all the evidence; but we are not prepared to say there was error in directing a verdict for plaintiff. If the case had been submitted and all the evidence and the jury had given it proper consideration the result should have been the same.

Judgment affirmed.