Leechburg Area School District, Petitioner, *v.* Leechburg Education Association, Respondent.

Argued March 1, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., and BLATT. Judges MENCER and ROGERS did not participate.

*Donetta W. Ambrose*, with her *J. Raymond Ambrose, Jr.*, and *Ambrose and Ambrose*, for petitioner.

*William K. Eckel*, for respondent.

OPINION BY JUDGE WILKINSON, April 6, 1976:

This case is before us as a result of the granting of a petition pursuant to Pennsylvania Rule of Judicial Administration No. 2101 for review of an award of an arbitrator.

The facts are free from dispute. Petitioner and respondent had a collective bargaining contract which at all times pertinent hereto provided:

"ARTICLE VIII
"PROFESSIONAL COMPENSATION

"A.   The basic salaries of professional employees covered by this Agreement are set forth in Schedule A which is attached hereto and made part of this Agreement. Such salary schedule is based upon a school year of 182 days and shall remain in effect for the term of this agreement."

"BENEFITS

"A.   Salary Schedule

"The salary schedule as outlined on Schedule A shall be in effect for the term of this Agreement and supersedes and replaces all previous salary schedules. The criteria to determine a temporary professional or professional employee's salary shall be the individual's years of teaching experience and his proper categorization as determined by his credentials."

Section 1142 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1142, provides:

"Minimum salaries and increments

"(a)  Except as hereinafter otherwise provided, all school districts . . . shall pay all regular . . . teachers . . . the minimum salaries and increments . . . as provided in the following tabulation in ac-cordance with . . . *the step which the professional employe has attained by years of experience within the school district each step after step 1 constituting one year of service.* When a school district, by agreement, places a professional employe on a step in the salary scale, each step thereafter shall constitute one year of service. When a district adopts a salary scale in ex-cess of the mandated scale, it shall not be deemed to have altered or increased the step which the employe has gained through years of service." (Emphasis sup-plied.)

Prior to hiring the two teachers represented by re-spondent, petitioner's board passed a resolution that new teachers being employed would be entering at the first step in the salary scale since petitioner was not seeking experienced teachers. One of the two teachers here in-volved was hired at the first step although she had seven years' teaching experience outside the petitioner's dis-trict. The other teacher was hired at step 4[1] although she had 11 years' experience teaching outside petitioner's dis-trict.

The issue on which this case turns, in our view, is whether, under the clause in the collective bargaining agreement quoted above, the petitioner is required to give credit for years of teaching experience outside its

---

1. No explanation was given for starting at step four rather than at step one. This may have been because the teacher had a master's degree.

district. The arbitrator ruled that it did. We disagree and reverse.

In brief, the respondent would have us rule that under the collective bargaining agreement, credit must be given to new teachers entering the system for teaching experience no matter where the experience took place. On oral argument, able counsel for respondent replied to a question from the Court that he did not believe the clause required credit for teaching in a foreign country but did believe it must include teaching experience in any of the 50 States. We do not understand the basis for such a limitation since teaching in some of the other 49 States may be more "foreign" to teaching in the petitioner's school then teaching in some foreign countries. Further, if we are to interpret it as unrestricted, or even as restricted as respondent suggests, then it would seem credit is due for teaching in private schools, both charitable and proprietary, credited and unaccredited. To state the proposition is to refute it.

Since the language, in our view, could not have been intended to be unrestricted, the firmest footing on which to place the restriction is that contained in the School Code itself, *i.e.*, teaching experience in the petitioner's school district. We are not unmindful that a school district may provide benefits in a collective bargaining agreement in excess of those provided by the statute. *Pennsylvania Labor Relations Board v. State College Area School District,* Pa. , 337 A.2d 262 (1975). What we hold here is that to enlarge on the statutory benefits, the agreement must do so in a clear and unmistakable manner and in such a way as to admit of a reasonable interpretation. It would have been easy enough to have stated in the collective bargaining agreement, if the parties had so intended, that credit must be given for teaching experience outside the petitioner's school district and, in that event, it surely would have ex-

pressly limited it to experience in the public school system of Pennsylvania.

Inasmuch as we are holding that the collective bargaining agreement was not violated, it is not necessary to pass upon whether the term "by agreement" in Section 11-1142 of the Public School Code refers to an agreement with an individual or, as the arbitrator ruled, includes a collective bargaining agreement which would be paramount to any agreement with an individual, as we have here.

Accordingly, we enter the following

ORDER

Now, April 6, 1976, the appeal of petitioner is sustained, the award of the arbitrator dated October 6, 1975, as it related to Clara Battist and Margaret Smith, is reversed, and the grievances as to them are denied.

DISSENTING OPINION BY JUDGE BLATT:

I must dissent. When, as here, we review an arbitrator's award pursuant to a petition under Pa. R.J.A. No. 2101, our scope of review is the "essence test" which provides that the award of an arbitrator, commissioned pursuant to a collective bargaining agreement, must draw its "essence" from that agreement. The arbitrator is restricted to an interpretation and application of the agreement, and the award draws its "essence" from the basic agreement if it is in any way rationally derived therefrom. Only when there is a manifest disregard of the agreement may the reviewing court disturb the award. *County of Franklin v. American Federation of State, County and Municipal Employees*, 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975); *County of Allegheny v. Allegheny County Prison Employees Independent Union*, 20 Pa. Commonwealth Ct. 173, 341 A.2d 578 (1975); *Teamsters Local Union 77 v. Pennsylvania*

*Turnpike Commission,* 17 Pa. Commonwealth Ct. 238, 331 A.2d 538 (1975). Here, the collective bargaining agreement provides that a teacher's salary shall be based upon the individual's *years of teaching experience* and other *credentials*. The arbitrator examined the existing agreement and determined that pursuant thereto all teachers must be given credit for teaching experience in determining their salaries. Although this Court may "disagree" with the arbitrator's interpretation of the contract, it is not within our power to substitute our judgment for his where a review of the award indicates that it is clearly drawn from the essence of the collective bargaining agreement, and when it does not otherwise evidence a manifest disregard of its provisions. It is my belief that the arbitrator's award draws its essence from the collective bargaining agreement and, therefore, should be affirmed.

Judge CRUMLISH, JR. joins in this dissent.