Scholastic Technical Service Employees, The Pennsylvania State University, Local Union No. 8, Appellant *v.* The Pennsylvania State University, Appellee.

Argued June 7, 1978, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers, Blatt and DiSalle. Judge Wilkinson, Jr. did not participate.

*Stephen H. Jordan,* with him *Herman L. Foreman,* and *Rothman, Gordon, Foreman and Groudine,* P.A., for appellants.

*John C. Gilliland, II,* with him *MacQuaide, Blasko & Brown,* for appellee.

OPINION BY JUDGE MENCER, September 21, 1978:

This is an appeal from an order of the Court of Common Pleas of Centre County setting aside the award of an arbitrator which reinstated Thomas Mc-Dowell to his position as Patient Service Aide with the Hershey Medical Center of The Pennsylvania State University. We affirm the lower court.

The arbitrator's task in this case was to interpret the following provision of the collective bargaining agreement between the University and McDowell's union:

If an employee receives three (3) warning letters the employee shall be discharged; provided, however, that if an employee does not receive a warning letter for a twelve (12) month period, all warning letters received prior to said twelve (12) month period shall not be considered as one (1) of three (3) warning letters toward discharge, and such letters shall not be used in considering the employee for promotion or transfer.

The undisputed facts indicate that there was no 12-month period in which McDowell had not received a warning letter. He received warning letters on March 31, 1975, an April 11, 1975, and on April 9, 1976.

Applying these facts to the provision quoted above, the arbitrator concluded that "the lapse of a twelve-month period has the effect of eliminating from the record the warning letter issue prior thereto. The effect of such action is to remove from Mr. McDowell's record the letter dated March 31, 1975." The arbitrator therefore ordered McDowell's reinstatement. The lower court set this award aside, and this appeal followed.

The scope of judicial review of an arbitration award entered pursuant to a collective bargaining agreement to which a public employer is a party is governed by Sections 10 and 11 of the Act of April 25, 1927, P.L. 381, *as amended* (Arbitration Act), 5 P.S. §§170, 171. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). Section 11(d) of the Arbitration Act, 5 P.S. §171(d), provides that, "[w]here the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict," the reviewing court shall correct the award. "This language ... seeks to establish between the reviewing court and the arbitrator's award the same relationship as traditionally exists between a reviewing court and a jury's verdict." *Beaver County, supra,* 473 Pa. at 589, 375 A.2d at 1273.

In a jury trial, the entry of judgment n.o.v. is proper where binding instructions should have been given at the close of the trial. *See, e.g., American Car & Foundry Co. v. Alexandria Water Co.,* 221 Pa. 529, 70 A. 867 (1908); 6A Standard Pennsylvania Practice §163 (rev'd ed. 1960). "[W]hen no reasonable construction of the evidence would entitle defendant to a verdict, the court may properly give binding instructions in favor of the plaintiff." *Maynard v. Lumberman's National Bank,* 7 Sadler 399, 404, 11 A. 529, 530 (1887). Judgment n.o.v. should be entered only if reasonable minds cannot differ as to the validity of the moving party's position, and if the evidence supports the jury's verdict, judgment n.o.v. should not be entered. *See, e.g., Musser v. Shenk,* 192 Pa. Superior Ct. 471, 161 A.2d 628 (1960).

Applying this standard to an arbitrator's award, it must first be recognized that in interpreting a col-

lective bargaining agreement the arbitrator's task is to ascertain the intentions of the parties and that this is a *factual* determination. An arbitrator's factual determinations, like those of a jury, will not be disturbed if they are supported by the evidence, *i.e.*, by the language of the agreement, its context, and any other indicia of the parties' intentions. *See Beaver County, supra; Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969).[1] Another way of expressing this is in terms of reasonableness. If two conclusions can reasonably be drawn from the evidence, the conclusion of the fact-finder will prevail. *See, e.g., Beaver County, supra*, 473 Pa. at 593-94, 597-98, 375 A.2d at 1275, 1277; *International Brotherhood of Firemen & Oilers, AFL-CIO Local 1201 v. School District of Philadelphia*, 465 Pa. 356, 366, 350 A.2d 804, 809 (1976). If, however, the arbitrator's award cannot reasonably be derived from the agreement, viewed in light of its language, its context, and any other evidence or indicia of the parties' intentions, Section 11(d) of the Arbitration Act requires the reviewing court to "correct" the award. If the only way to correct the award is to set it aside, this is the appropriate remedy. *See County of Allegheny v. Allegheny County Prison Employees Independent Union*, 476 Pa. 27, 39, 381 A.2d 849, 855 (1978).

We do not believe that the arbitrator's interpretation is reasonable in view of the language of the relevant provision and the evidence presented to him. The provision has three clauses. The first sets forth the general rule that an employee who receives three warning letters shall be discharged. The second

---

[1] As noted in *Beaver County, supra*, 473 Pa. at 593-94, 597-98, 375 A.2d at 1275, 1277, Section 11(d) of the Arbitration Act establishes a scope of review equivalent to the "essence test" utilized in federal courts.

clause begins the proviso with an "if": "if an employee does not receive a warning letter for a twelve (12) month period." The last clause specifies the effect when the conditions of the preceding "if" clause are met: "all warning letters received prior to *said* twelve (12) month period shall not be considered." (Emphasis added.) The emphasized word clearly indicates that the 12-month period referred to in the last clause is the same as that in the preceding "if" clause, *i.e.*, a 12-month period in which no warning letter has been received. There has been no such 12-month period in this case. The arbitrator's interpretation is not, therefore, supported by the language of the agreement or its context; indeed, the language of the provision appears to contradict the arbitrator's interpretation.

It may be, as the Union contends, that the provision was inartfully drafted and does not fully reflect the actual intentions of the parties at the time the agreement was executed. If the Union had presented evidence to this effect, this may have been a more difficult case, but no such evidence appears in the record before us. To the contrary, the arbitrator's opinion indicates that the University presented evidence that it had in the past discharged employees under the terms of the provision as drafted without objection from the Union.[2]

Since the arbitrator's interpretation cannot reasonably be derived from the language of the agreement or the evidence produced as to the intentions of the parties, the lower court was correct in ordering that the award reinstating McDowell be set aside.

Order affirmed.

---

[2] The testimony before the arbitrator was not transcribed. Fortunately, the arbitrator, in his opinion, summarized the evidence upon which his award was based.

ORDER

AND Now, this 21st day of September, 1978, the order of the Court of Common Pleas of Centre County, dated April 4, 1977, is hereby affirmed.

DISSENTING OPINION BY JUDGE DiSALLE:

I respectfully dissent. In my opinion the standard of review set forth in *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977), and followed by this Court in *Commonwealth v. Joint Bargaining Committee of Pennsylvania Employment Security Employes Association*, 35 Pa. Commonwealth Ct. 347, 386 A.2d 1050 (1978), compels us to affirm the award in this case.

In *Beaver County*, our Supreme Court adopted the "essence" test announced in *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593 (1960). That test provides that an arbitrator's award must be upheld if "it draws its essence from the collective bargaining agreement." It is true that the Court in *Beaver County* said that the language of Section 11 (d) of the Act of April 25, 1927 (Arbitration Act), P.L. 381, *as amended*, 5 P.S. §171(d) "seeks to establish between the reviewing court and the arbitrator's award the same relationship as traditionally exists between a reviewing court and a jury's verdict." Justice POMEROY went on to say, however, that "[w]hile introduction of the 'n.o.v.' concept into the field of arbitration may have been a new departure, it is hardly a radical change, nor does it dictate that a much closer or different scrutiny of an arbitration award will be available than under the approach of Enterprise Wheel and Car." 473 Pa. at 589-90, 375 A.2d at 1273.

Furthermore, following a comprehensive review of Commonwealth and Superior Court cases interpreting Section 11(d) of the Arbitration Act (in which he notes that our Court has expressly adopted the *Enterprise Wheel and Car* "essence" standard), Justice POMEROY makes this observation:

On the theory that the collective bargaining agreement involved here is 'ambiguous' with respect to the rights of the retrenched faculty, it would be possible, applying the well-settled common law contract classification exemplified in Framlau, supra, to say that the arbitrator's award is based on a finding of fact (interpretation of an ambiguous writing) and therefore not to be disturbed on review if supported by language appearing in the contract. *To do so, however, would imply that the standard of review of an arbitrator's interpretation of a collective bargaining agreement turns on the common law question of whether the agreement is 'ambiguous' and therefore to be interpreted by the finder-of-fact (jury) or 'unambiguous' and to be interpreted by the court. We are satisfied that this is not the correct approach.* (Emphasis added.)

473 Pa. at 592, 375 A.2d at 1274-75.

Then, after reviewing the dichotomy in contract law by which juries are to pass on "questions of fact" and courts are to pass on "questions of law" Justice POMEROY says:

In applying the 'n.o.v.' standard of review of 5 P.S. §171(d) ('award is against the law . . .') to arbitration awards, we must therefore analyze the role played by the arbitrator in interpreting collective bargaining agreements. From what we have just said, it is clear that the arbitrator in all cases in which interpreta-

tion of the collective bargaining agreement is called for is deciding a factual question: what the parties intended. *The division effected by the common law between ambiguous writings (interpreted by the jury) and unambiguous writings (interpreted by the court as a 'question of law') is logically inapplicable to interpretation questions which arise in arbitration. The policy considerations which compelled the common law to make the division (jury illiteracy, lack of respect for writings, etc.) are absent in the arbitration forum. A fortiori is thus true under a statute such as PERA, which mandates arbitration as the exclusive means of interpreting collective bargaining agreements in the first instance.* See 43 P.S. §1101.903. (Emphasis added.)

473 Pa. at 593, 375 A.2d at 1275.

Justice POMEROY concludes that where an arbitrator has been asked to determine the intention of the contracting parties, then his award is "based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context and any other indicia of the parties' intention. . . .' Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969)." *Id.* In the instant case the arbitrator interpreted the provision in question to mean that any warning letter received prior to the twelve month period immediately preceding receipt of the last warning letter was to be disregarded; in other words, no employe could be discharged without first receiving all three warning letters within a twelve month period. Although we may disagree with this interpretation, are we to say that it can in no rational way be derived from the agreement viewed in the light of

its language, its context, and the intention of the parties, especially where, as here, the union contended that the provision did not reflect the intention of the parties at the time the agreement was executed? .

It is interesting to note that in our decision in *Beaver County*[1] we reversed the arbitrator on the grounds that he both "altered the agreement" and misinterpreted several key provisions thereof. Yet, in spite of our finding that his interpretation was clearly erroneous, we were reversed by the Supreme Court, which held that his decision was rationally derived from the agreement. In this same respect, the case of *Leechburg Area School District v. Leechburg Education Association*, 475 Pa. 413, 380 A.2d 1203 (1977), is also significant. There, too, we reversed the arbitrator and were reversed by the Supreme Court. In *Leechburg,* our majority opinion[2] stated that the arbitrator clearly had misinterpreted the ·agreement to require the petitioner to give credit for years of teaching experience outside its district. Although *Leechburg* may be considered a plurality opinion, the Court was unanimous in its conclusion that we had erred in deciding that the arbitrator's award did not draw its essence from the agreement. As Judge BLATT, dissenting in *Leechburg,*[3] observed:

> Although this Court may 'disagree' with the arbitrator's interpretation of the contract, it is not within our power to substitute our judgment for his where a review of the award indicates that it is clearly drawn from the essence of the collective bargaining agreement, and when it does not otherwise evidence a mani-

---

[1] Reported at 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975).

[2] Reported at 24 Pa. Commonwealth Ct. 256, 355 A.2d 608 (1976).

[3] Judge CRUMLISH, JR., joined in the dissenting opinion.

fest disregard of its provisions. It is my belief that the arbitrator's award draws its essence from the collective bargaining agreement, and, therefore, should be affirmed.

24 Pa. Commonwealth Ct. at 261, 355 A.2d at 611. Similarly, it is my belief that the instant award draws its essence from the agreement.

I would reverse the court below and reinstate the award of the arbitrator.

Judge ROGERS joins in this dissenting opinion.