## Claeys v. Allstate Insurance Company

*B. Jerome Shore*, for petitioner.
*Albert E. Hart, Jr.*, for respondent.

GUARINO, *J.*, November 27, 1978—This case comes before the court on a petition to vacate the

award of the arbitrators in a dispute arising under the uninsured motorist coverage provided in an automobile liability insurance policy between petitioner, Dorothy H. Claeys, and respondent, Allstate Insurance Company. By the terms of the policy, the parties agreed to submit to arbitration any dispute arising under the uninsured motorist coverage provided therein. Depositions were taken in compliance with Pa.R.C.P. 209. The pertinent facts follow.

On December 20, 1976, petitioner was involved in an automobile accident with an uninsured motorist and claimed to have suffered severe and permanent personal injuries. A dispute arose as to the adjustment of petitioner's claim and as a result of said dispute the parties appeared at a hearing before a panel of three arbitrators on March 2, 1978.

Petitioner testified at the hearing and also submitted medical reports to support her claim. However, petitioner contends that the arbitrators' refusal to continue the hearing until a report from petitioner's physician concerning the permanency of her injuries could be had resulted in an "unjust, inequitable or unconscionable award." Counsel for petitioner indicated to the arbitrators that a letter had been written on February 23, 1978, to petitioner's treating physician requesting his opinion as to the permanency of the injuries suffered by Mrs. Claeys and was advised on February 27, 1978, that a letter would be forthcoming the next day. The letter was not received prior to the hearing. Counsel requested that the hearing remain open until he submitted the report to the panel. The arbitrators refused, the hearing was closed, and an award in the amount of $12,500 was made in favor of petitioner.

Unless the parties expressly or impliedly provide for arbitration under the Act of April 25, 1927, P.L. 381, 5 P.S. §161, the arbitration proceeds under the common law: Runewicz v. Keystone Insurance Co., 476 Pa. 456, 383 A. 2d 189 (1978); J. A. Robbins Co., Inc. v. Airportels, Inc., 418 Pa. 257, 210 A. 2d 896 (1965); Bartilucci v. Safeguard Mutual Ins. Co., 212 Pa. Superior Ct. 414, 242 A. 2d 916 (1968).

A common law arbitration award is not reviewable on the basis of error of law or fact by the arbitrators. The setting aside of an award is proper only on a showing of denial of a hearing or fraud, misconduct, corruption or similar irregularity leading to an unjust, inequitable or unconscionable award: Runewicz v. Keystone Insurance Co., supra; Harwitz v. Selas Corp. of America, 406 Pa. 539, 178 A. 2d 617 (1962); Scholastic Tech. Etc. v. Pa. State U., 37 Pa. Commonwealth Ct. 622, 391 A. 2d 1097, 1099 (1978).

Petitioner contends that the arbitrators' failure to await the report from her physician denied her a full and fair hearing based on the holding of Smaligo v. Fireman's Fund Ins. Co., 432 Pa. 133, 247 A. 2d 577 (1968). In Smaligo, the insured's daughter was killed by a hit-and-run driver and was awarded only $243 in damages after the arbitrators refused to grant a continuance in order to secure the expert testimony of decedent's attending physician on the question of decedent's future earning ability and capacity, stating that such testimony was unnecessary. The Supreme Court stated at 432 Pa. 137 that

"Whether or not a formal motion for continuance was made is not as governing as the arbitrator seeks to make it. The important fact that stands

clear is that Smaligos' counsel did proffer medical testimony which was relevant and of great import in the determination of loss of future earnings of the decedent and that the arbitrator determined such testimony was not necessary. It may be true that Smaligos' counsel should have come prepared with the medical testimony at the time of the hearing and that perhaps the necessity of such testimony came to him as an 'after-thought' (as stated by the arbitrator), but such observations cannot militate from the all-important fact that counsel did at the time of the hearing make an offer to present the medical testimony and the arbitrator viewed such testimony as 'unnecessary'."

Also see, Manion v. Travelers Indemnity Co., 66 D. & C. 2d 105 (1974), where the court held the refusal of arbitrators to continue proceedings in order to permit defendant to attempt to have a court enforce a subpoena of plaintiff's physicians as witnesses who had failed to appear, constituted a denial of a full and fair hearing.

Though the arbitrators' conduct in this case may not have constituted fraud, misconduct, corruption or similar irregularity, the conduct did amount to a denial of a full and fair hearing of Mrs. Claeys' cause of action.

Respondent argues that this case is controlled by Runewicz v. Keystone Insurance Co., supra, and Allstate Ins. Co. v. Fioravanti, 451 Pa. 108, 299 A. 2d 585 (1973). We disagree. In Runewicz, there was no claim by the insurer that it was not permitted to present its case to aribtration as it saw fit and every opportunity was given to present evidence and cross-examine witnesses. Instead, insurer claimed that the award was contrary to the language of the policy. In Fioravanti, there was no

factual evidence or argument excluded there. Instead the arbitrators refused to allow the carrier to submit a memorandum of law on the controlling legal issue in the case. This was held not to be such an irregularity as to deny the carrier a full and fair hearing, and the award was upheld. The case at bar, like Smaligo, is clearly distinguishable from Fioravanti. See Runewicz v. Keystone Insurance Co., 476 Pa. at 462, 383 A. 2d at 192, and Allstate Ins. Co. v. Fioravanti, 451 Pa. at 112, 113, 299 A. 2d at 587, 588. In Smaligo, as in this case, the arbitrators' action led to the complete omission of critical factual evidence, whereas, there was no such omission in Fioravanti.

The refusal of the board of arbitrators to continue the hearing amounted to a denial of a full and fair hearing. Accordingly, the petition to vacate the award of the arbitrators is granted. Hence, we issue the following

## ORDER

And now, November 27, 1978, it is hereby ordered and decreed that the award of the board of arbitrators in favor of petitioner and against respondent is vacated and this matter is remanded for a hearing de novo before another arbitration panel.